# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PAJ ROSE YANG,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TITLEMAX, INC.,<br><br>　　　　Defendant. | CIVIL COMPLAINT<br><br>CASE NO.  4:22-cv-00555<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes PAJ ROSE YANG ("Plaintiff"), by and through the undersigned attorneys, complaining as to the conduct of TITLEMAX, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, as well as for Invasion of Privacy ("IOP") and Trespass to Chattels ("TTC"), for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28, U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Missouri and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of Missouri.

1

**PARTIES**

4. Plaintiff is a natural person over 18 years-of-age.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is engaged in the business of offering automobile loans and collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including consumers located in the state of Missouri with its principal place of business located at 15 Bull St., Suite 200, Savannah, Georgia 31401.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, third-party contractors, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. Sometime in February 2022, Plaintiff began receiving collection calls to her cellular phone number, (417) XXX-1034, from Defendant, who was attempting to collect an alleged debt unknown to Plaintiff ("alleged debt").

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -1034. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant has used several phone numbers when placing collection calls to Plaintiff's cellular phone number, including but not limited to: (949) 397-2001, (817) 601-4597, and (949) 397-2001.

12. Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant during its debt collection activities.

13. Plaintiff was perplexed as to why Defendant was calling her because Plaintiff has never taken a loan out through, nor had a relationship with, Defendant.

14. Furthermore, Plaintiff has *never* provided her cellular phone number to Defendant or otherwise expressly consented to Defendant's phone calls.

15. Defendant has frequently placed multiple calls per day to Plaintiff's cellular phone, oftentimes resulting in pre-recorded voicemail messages being left for Plaintiff, which request a call back "to avoid the matter being escalated".

16. Plaintiff has returned Defendant's calls numerous times to seek clarification on why she was getting collection calls despite not having a business relationship with Defendant, only to be told by Defendant that they do not have Plaintiff's phone number in their system.

17. Furthermore, during these returned calls, Plaintiff has demanded that Defendant cease calling her on her cellular phone.

18. Despite Plaintiff's efforts, Defendant has continued to place phone calls to Plaintiff's cellular phone and has continued leaving pre-recorded voicemail messages seeking collection of the alleged debt up until the filing of this instant action.

19. Plaintiff has received numerous collection calls and pre-recorded messages from Defendant since asking it to stop calling.

20. Frustrated over Defendant's conduct, Plaintiff spoke with her undersigned attorney regarding her rights, resulting in exhausting time and resources.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the

never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

24. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using prerecorded or artificial voice messages without their consent.

25. Defendant's use of prerecorded or artificial voice messages when placing calls to Plaintiff's cellular phone brings its conduct within the ambit of the TCPA.

26. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using prerecorded messages without her consent. Plaintiff never provided consent to Defendant to contact her using prerecorded messages, nor to any entity associated with the subject debt. Any consent that Plaintiff may have somehow given to be contacted in connection with the subject debt was explicitly revoked by Plaintiff's demands that Defendant's phone calls cease. Nevertheless, Defendant placed or caused to be placed to Plaintiff numerous prerecorded or artificial voice messages in direct violation of the TCPA.

27. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

28. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, PAJ ROSE YANG, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

29. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

30. Defendant, through its barrage of phone calls, has repeatedly and intentionally invaded Plaintiff's privacy.

31. Defendant's persistent and unwanted phone calls to Plaintiff's cellular phone eliminated Plaintiff's right to privacy.

32. Moreover, Defendant's behavior in continuously contacting Plaintiff by phone at different times throughout the day, was highly intrusive and invasive.

33. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's overall focus, and continually frustrated and annoyed Plaintiff to the point where Plaintiff was denied the ability to quietly enjoy her life, instead having it upended by Defendant's harassing phone call campaign.

34. These persistent collection calls and prerecorded voicemail messages eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home and/or any other location in which Plaintiff was located when Defendant was placing its calls.

35. By continuing to call Plaintiff in an attempt to dragoon Plaintiff into payment, Defendant gave Plaintiff no reasonable escape from its incessant calls.

36. As detailed above, by persistently contacting Plaintiff's cellular phone without her prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected, and caused Plaintiff to suffer concrete and particularized harm.

37. Defendant's relentless collection efforts and tactic of repeatedly calling Plaintiff's cellular phone after she requested that these calls cease is highly offensive to a reasonable person.

38. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion by placing numerous unconsented phone calls to Plaintiff's cellular phone in a short period of time.

WHEREFORE, Plaintiff, PAJ ROSE YANG, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees and costs;

e. Enjoining Defendant from contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III-TRESPASS TO CHATTELS

39. Plaintiff restates and realleges paragraphs 1 through 36 as though fully set forth herein.

40. Trespass to Chattels is defined as the intentional interference with the possession, or physical condition of a chattel in the possession of another, without justification. Prosser, Torts, 64 (2d ed.).

41. Courts have applied this tort theory to unwanted telephone calls and text messages. *See Czech v. Wall St. on Demand,* 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and *Amos Financial, L.L.C. v. H&B&T Corp.,* 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

42. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

43. Defendant interfered with Plaintiff's ability to use her cellular phone while it was in her possession.

44. Defendant further deprived Plaintiff's phone of storage space through the persistent and lengthy prerecorded voice mail messages it would leave Plaintiff.

45. Defendant barraged Plaintiff with numerous phone calls after she made demands that the calls stop, including multiple phone calls on the same day, leaving her unable to use or possess her cellular phone in the manner in which she wanted to during such time.

46. Defendant knew or should have known that its phone calls were not consented to, as Plaintiff repeatedly stated that Defendant must cease contacting her.

47. Defendant caused damage to Plaintiff's cellular phone, including, but not limited to, the wear and tear caused to her cellular phone, the loss of battery charge, the loss of battery life, and the diminished space for storage given Defendant's placement of prerecorded voicemail messages to Plaintiff's phone.

48. Plaintiff also suffered damages in the form of stress, anxiety, and emotional distress, from Defendant's continuous interference with her possession of her cellular phone.

WHEREFORE, Plaintiff, PAJ ROSE YANG, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in favor of Plaintiff and against Defendant;

b. Award Plaintiff actual damages in an amount to be determined at trial;

c. Award Plaintiff punitive damages in an amount to be determined at trial;

d. Enjoining Defendant from contacting Plaintiff;

e. Award any other relief this Honorable Court deems equitable and just

Dated: May 23, 2022                                              Respectfully submitted,

*/s/ Nathan C. Volheim*
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com